

**FILED & ENTERED**

**AUG 28 2024**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY johnson  DEPUTY CLERK**

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>9300 Wilshire, LLC, a Delaware Limited Liability Company,<br><br><br><br><br><br>Debtor(s). | Case No.: 2:23-bk-10918-VZ<br><br>CHAPTER 11<br><br>**FINDINGS OF FACT AND CONCLUSIONS OF LAW IN SUPPORT OF ORDER DENYING APPROVAL OF 1st AMENDED DISCLOSURE STATEMENT AND PLAN OF REORGANIZATION FILED BY THE DEBTOR**<br><br>Hearing Date:<br>Date:  August 15, 2024<br>Time:  11:00 a.m.<br>Ctrm:  1368, Roybal Federal Building<br>        255 E. Temple St.<br>        Los Angeles, CA 90012 |

On **July 1, 2024**, 9300 Wilshire, LLC ("Debtor") filed a Disclosure Statement and Plan of Reorganization ("Debtor's Disclosure Statement," docket #388).  On **July 3, 2024**, the Debtor filed a Notice of Hearing on Adequacy of Disclosure Statement ("Hearing Notice," docket #396).  On **July 25, 2024**, the Debtor filed a Motion to Approve Adequacy of the Disclosure Statement ("Debtor's Motion," docket #413).  **On August 1, 2024**, oppositions to the Motion were filed by AES Redondo Beach, LLC ("AES Opposition," docket #426) and by the City of Redondo Beach ("City Opposition," docket #431), (collectively, the "Oppositions to Debtor's Motion").  On **August 8, 2024**, the Debtor filed a reply to the Oppositions to Debtor's Motion ("Debtor's Reply," docket #440).

On **August 12, 2024**, the Debtor filed a 1st Amended Disclosure Statement and Plan of Reorganization ("Debtor's 1st Amended Disclosure Statement," docket #452) and a related notice of filing that includes a redline version of the AES 1st Amended Disclosure Statement ("Debtor's 1st Redline," docket #453).

A hearing on the Motion was set for **August 15, 2024**, at 11:00 a.m.  The court posted a tentative ruling in which the court waived appearances at the hearing.

Based on the court's review of the documents indicated above, the court makes the following findings of fact and conclusions of law:

I. **STANDARDS FOR LANGUAGE USED IN FILED DOCUMENTS**

When an attorney or party signs a document that is to be filed with the court, the standards of FRBP 9011(b) and FRBP 9018(2) apply.  Particular words used to refer to activities, behavior and intent must have a reasonable basis in law or in fact.

The court notes several instances where language contained in the Oppositions to the Debtor's Motion seem scandalous or defamatory without having a reasonable basis in law or fact.  Counsel must refrain from use of such language.  An assertion must either be true as a matter of law or be supported by admissible evidence made in a declaration signed under penalty of perjury.

II. **The DEBTOR'S 1st AMENDED DISCLOSURE STATEMENT DOES NOT CONTAIN  ADEQUATE INFORMATION REQUIRED BY 11 U.S.C. §1125**

The Debtor's 1st Amended Disclosure Statement is the operative document. The Debtor's Disclosure Statement is moot.

### A. Caption Page, p.1-2

The Debtor replaced page one of the mandatory court form with pleading-style text.  The original caption page must be restored.  With regard to the remainder of the Debtor's 1st Amended Disclosure Statement, it is satisfactory that the Debtor intermingles charts and other content fields from the court's form within the double-spaced text provided by the Debtor.

### B.  Table of Contents. p.3

1. <u>Location</u>.  The Table of Contents needs to be on page two.

2. <u>Page Numbers</u>.  Page numbers are inaccurate for Sections V, VI, VII, VIII, VIII.A, X, and the List of Exhibits and Declarations, in that page numbers are either too low by one page or too high by one page.

3. <u>Headings: One Phrase to Add</u>.  Under Section IV., please amend the Title of the Section to read "Definitions and Preliminary Information; Who May Vote"  The reason is to make it easier for creditors to locate the chart of which classes of claims are impaired and which are not impaired.

**C. Section V. Source of Money to Satisfy Claims and Interests**:

    1. <u>Payments on the Effective Date</u>: **p.49**

       a. Total Funds Available on the Effective Date.   The dollar amount listed is inaccurate.  It should be **$1,193,565** after "cash on hand" is added to "New Value."

**D.  Section VIII. Treatment of Claims**

    1. <u>Third Amendment to Purchase and Sale Agreement</u>, **p.74, fn 16**.

    At the end of the first sentence, please add "on page 28" so that the discussion in Section III.B. can be more easily located.

    2. <u>Administrative Expense Claims</u>. –  **3 LLP Claimants, p.75-76**.  Next to the name of the three LLP claimants,  please also indicate the party being represented, such as Attorney for the Debtor, etc.

    3. <u>Tax Claims</u>

    **<u>California Coastal Commission</u>**

       **p.78**         The term "Disputed" is included.  Is this term accurate in light of the settlement indicated by stipulation (docket #445) and order (docket #450)?

       **p.79, fn 19**     In lines 2 and line 65, the terms "*has agreed to amend*" and "*shall be withdrawn*" are indicated.  Is the future verb tense accurate in light of the stipulation and order referred to above?  If these actions are meant to be undertaken in the future, the Debtor should indicate the anticipated date of action and/or a deadline for action.

       **p.79, fn 19**     At the end of line 5, "Claim No. 7-1" is the claim indicated.  The discussion in footnote 19, and in the stipulation and order referred to above, appear to refer to Claim No. 9-1.  This needs to be clarified.

       **<u>City of Redondo Beach, p.80, fn 20</u>**     When discussing (1) the First Element of Redondo Beach's Claim, there appears to be words missing in line 2, specifically "… that the Debtor intends to ___ in any fashion."

    4. <u>Secured Claims</u>.

### Class 3a, AES Environmental DOT

    **p.87**   In the table, to the right of "Valuation Method," the term "see Exhibit F" should be added next to the "Other" box that refers to the Appraisal dated February 28. 2023 as updated June 14, 2024.

    **p.89**   At line 24, the Exhibit referred to should be changed from Exhibit G to Exhibit N.

    **Class 4a, East West Bank, p.94**   Under "Additional Comments," is the discussion still accurate based on the results of the hearing held on August 27, 2024 at 10:30 a.m., on a motion to approve stipulation for adequate protection?

    **Class 4b, AES Performance DOT, p.97**.  At line 20, the Exhibit referred to should be Exhibit "O".

**E.  Section X.** <u>Effect of Confirmation</u>., p.102    The two boxes checked are contradictory.  It appears the 1st box should be unchecked.

**F.  Section XI.** <u>List of Exhibits and Declarations</u>:  For reduced confusion, the entire list is referred to with comments of "no changes" or an identification of a needed change.

1. <u>Mandatory</u>: **p.103-104**

    **Exhibit A** --   No changes

    **Exhibit B** –   No changes

    **Exhibit C** –   No Changes

    **Exhibit D** –   No changes

    **Exhibit E** –   Records must be provided to demonstrate ability to pay on the Effective Date and the duration of the plan.

2. <u>Optional</u>: **p.104-105**   Debtor is authorized to make the following changes to improve the ease of finding information, including adding exhibit sections.

    **Exhibit F** – Only for "Certified Appraiser" declaration and report

**Exhibit G** – Only for "Contributor of New Value"

**Exhibit H – Exhibit L**:  Include a page to indicate "Intentionally Left Blank"

**Exhibit M** – Only for "Corrective Action Consent Agreement"

**Exhibit N** – Only for "Toxicity Criteria ..."

**Exhibit O** – Only for "Real Property interests …"

**G. Approved as to Form and Content**:  **p.105**    The signature of Leonid Pustilnikov must be holographic.


###


Date: August 28, 2024

Vincent P. Zurzolo
United States Bankruptcy Judge